**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

‗‗‗‗‗‗‗‗

No. 10-4769

‗‗‗‗‗‗‗‗

UNITED STATES OF AMERICA

v.

SHAWN CLARK,

Appellant

‗‗‗‗‗‗‗‗

On Appeal from the United States District Court
for the District of New Jersey
(No. 3:09-cr-00456)
District Judge:  Hon. Anne E. Thompson

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2011

Before:  FUENTES and CHAGARES, <u>Circuit Judges</u>, and POGUE, <u>Judge</u>.[1]


(Opinion Filed:  July 24, 2012)

‗‗‗‗‗‗‗

OPINION

‗‗‗‗‗‗‗

CHAGARES, <u>Circuit</u> <u>Judge</u>.

---

[1] Honorable Donald C. Pogue, Chief Judge, United States Court of International Trade,
sitting by designation.

Appellant Shawn Clark was convicted of fourteen substantive counts of embezzlement and one count of conspiracy to embezzle following a jury trial and now appeals his conviction. Clark argues that the District Court erred by admitting certain evidence, failing to give a limiting instruction regarding such evidence, and allowing lay witnesses to give opinion testimony. We will affirm.

I.

We write solely for the parties' benefit and thus recite only the facts essential to our disposition. Because this appeal comes to us following a jury's guilty verdict, we set forth the facts as viewed in the light most favorable to the Government.

On June 17, 2009, a federal grand jury returned a sixteen-count indictment charging Clark with one count of conspiracy to embezzle, in violation of 18 U.S.C. § 371, and fifteen substantive counts of embezzlement, in violation of 29 U.S.C. § 501(c) and 18 U.S.C. § 2. Specifically, the indictment charged that Clark, an officer of Local Branch 455 of the International Brotherhood of Carpenters and Joiners ("Local 455" or "the Union"), unlawfully used Local 455's American Express ("Amex") credit card to charge approximately $80,000 for personal expenses at his favorite strip clubs, and that Clark enlisted the help of other Local 455 officers to conceal his theft. Appendix ("App.") 18-28.

On June 23, 2009, Clark entered a plea of not guilty to the indictment. On April 19, 2010, the Government filed a motion in limine, seeking permission to introduce evidence of Clark's other bad acts pursuant to Federal Rule of Evidence 404(b) and prior statements Clark made during hearings conducted by the Union. Clark did not file a

written opposition to this motion. A unanimous jury subsequently convicted Clark on all fifteen pending counts[2] following a seven-day trial that concluded on May 17, 2010. On December 1, 2010, the District Court sentenced Clark to a within-guidelines term of 28 months of imprisonment and three years of supervised release. The District Court also ordered Clark to pay $80,002.13 in restitution. This appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## III.

All of the counts for which Clark was convicted are based on violations of 29 U.S.C. § 501(c), which creates criminal liability for "any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use, or the use of another, any of the moneys, funds, securities, property, or other assets of a labor organization of which he is an officer, or by which he is employed, directly or indirectly." Section 501(c) covers a broader range of behavior than common law larceny or the statutory offense of embezzlement, extending to "almost every kind of taking" by a union employee. United States v. Lore, 430 F.3d 190, 201 (3d Cir. 2005). A union employee commits a taking in violation of section 501(c) when "he 'unlawfully and willfully' uses union funds in a manner that works to the personal benefit of himself or the payee and does not benefit the union, whether or not the union went through the form of authorization." Id. (quoting United States v. Silverman, 430 F.2d 106, 127 (2d Cir. 1970)).

---

[2] The Government dismissed Count Eight of the indictment during the trial.

On appeal, Clark first contends the District Court erroneously admitted unduly prejudicial evidence, including evidence relating to his drug use, failure to pay Local 455's rent, misappropriating of money from the Union's apprentices, and expulsion from the Union after his malfeasance was revealed. We review this claim insofar as it relates to Clark's drug use for abuse of discretion. United States v. Kemp, 500 F.3d 257, 295 (3d Cir. 2007). "The 'admission of evidence is an abuse of discretion if the district court's action was arbitrary, fanciful or clearly unreasonable,' and 'we will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the district court's view.'" United States v. Starnes, 583 F.3d 196, 214 (3d Cir. 2009) (internal punctuation omitted) (quoting Ansell v. Green Acres Contracting Co., 347 F.3d 515, 519 (3d Cir. 2003)). We exercise plenary review, however, over the District Court's legal interpretation of the Federal Rules of Evidence and over any determination made by the District Court as to whether evidence falls within the scope of Rule 404(b). United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010).

Federal Rule of Evidence 404(b) prohibits the introduction of "[e]vidence of other crimes, wrongs, or acts" for the purpose of "prov[ing] the character of a person in order to show action in conformity therewith." Such evidence may be admitted, however, "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," so long as "the prosecution in a criminal case [provides] reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Id. Thus, we have held that evidence of other acts may be admitted under Rule 404(b) when it (1) has a proper evidentiary

4

purpose, (2) is relevant under Rule 402, (3) is not substantially more prejudicial than probative as required by Rule 403, and (4) is accompanied by a limiting instruction, when such an instruction is requested. United States v. Cross, 308 F.3d 308, 321 (3d Cir. 2002).

Here, the Government filed a motion in limine to admit certain evidence pursuant to Rule 404(b), including Clark's arrest for driving while intoxicated and his "self-admitted alcohol abuse, self-admitted cocaine use, [and] the discovery of marijuana and cocaine-smoking devices in Clark's Office at the Local 455's Union Hall." App. 31. The District Court granted this motion in part following a brief proffer from the Government immediately before trial. App. 48.[3] At trial, the only evidence introduced in the Government's case related to Clark's drug use was the testimony of John Ballantyne, the first vice president of the New Jersey Regional Council of Carpenters. Ballantyne recounted a March 17, 2008 incident[4] in which union officials confronted Clark about his

---

[3] Specifically, the District Court ruled that Clark's drug use and alcohol abuse were related and agreed with the Government that Clark's statements regarding his use of drugs to prolong his drinking binges should be admitted. App. 49. However, the District Court told the Government to omit evidence relating to the drug paraphernalia found in Clark's office absent "other evidence" from the Government showing its relevance. App. 47-48.

[4] Clark argues the date of this incident renders it irrelevant because it post-dates any act charged in the indictment. Clark Br. 29. Evidence is not irrelevant merely because it occurs after a conspiracy has ended, particularly when the evidence sheds light on a defendant's intent. See Lutwak v. United States, 344 U.S. 604, 617 (1953) (holding defendants' post-conspiracy acts were admissible because they showed the defendants' intent to deceive immigration authorities). Moreover, as a factual matter, the indictment states that the conspiracy ran for seven years, concluding in "about" December 2007. Given the length of the conspiracy, an event which occurred a mere two-and-a-half months after this approximate endpoint is sufficiently close to be considered within the scope of the indictment. Cf. United States v. Mangual-Santiago, 562 F.3d 411, 428 (1st

5

drug use, during which Clark admitted that he used marijuana and cocaine "to prolong his drinking" because he "had a drinking problem." App. 137-41. Ballantyne also mentioned "drug paraphernalia found in the office" when describing this conversation, but he did not provide any additional information about what he was referring to, nor did the Government attempt to elicit such a response. App. 138. Under these circumstances, the District Court did not abuse its discretion in determining that these limited references to Clark's drug use were permissible under Rule 404(b). This evidence was relevant for the purpose of establishing Clark's motive for using the Union's Amex card to pay for his drinking binges and discounting Clark's defense that the Amex charges were made in furtherance of legitimate union business. The vast majority of the money Clark charged to the Union was spent either directly on alcohol or at establishments which served alcohol, and Clark's own counsel admitted that Clark "would often have three of four beers" when visiting the strip clubs and go-go bars where he made most of the Amex charges. App. 1463. This evidence was also not substantially more prejudicial than probative, given that it showed Clark connected his drug use to his excessive alcohol use, and such use of alcohol provided a compelling motive to use the Union's funds to pay for alcohol. Any prejudice Clark suffered by being cast as a drug user was minimal because the testimony regarding this use spanned only a few minutes of a seven-day trial, the Government used this evidence in its closing only for the purpose of casting doubt on

Cir. 2009) ("In establishing the existence of a conspiracy, the government is not bound by approximate start or end-dates listed in the indictment; the scope of the conspiracy may extend beyond an approximate date.").

Clark's credibility, and Ballantyne's testimony minimized Clark's drug use by repeating Clark's statement that such use paled in comparison to Clark's drinking problem. Thus, the first three Rule 404(b) elements are satisfied.

Clark asserts that the District Court failed to satisfy the fourth element by not giving a limiting instruction regarding the Government's 404(b) evidence, despite Clark's failure to request such an instruction. If a defendant fails to object to jury instructions during trial, this Court reviews a subsequent claim for plain error. United States v. Lee, 612 F.3d 170, 191 (3d Cir. 2010). For an error to be "plain," it must not only impact the defendant's substantial rights by affecting the outcome of the district court proceedings, but must also seriously affect the fairness, integrity, or public reputation of judicial proceedings. United States v. Heckman, 592 F.3d 400, 404 (3d Cir. 2010). Here, the lack of a limiting instruction neither impacted the outcome of the proceeding nor seriously affected the fairness, integrity, or public reputation of the proceedings in light of the nature of the Rule 404(b) evidence admitted and the copious amounts of other relevant inculpatory evidence introduced at trial.

Similarly, evidence that Clark directed Local 455's treasurer to not pay rent for Local 455's office space and misappropriated the Union's funds by overcharging apprentices for their dues was properly admitted by the District Court. Because Clark did not object to the admission of this evidence, we review its admission for plain error.[5]

---

[5] The Government argues that Clark waived his right to challenge admission of this evidence on appeal because defense counsel stated that he had "no objection" to the admission of the transcripts from Clark's union hearing. App. 1331. Because Clark's

<u>United States v. Olano</u>, 507 U.S. 725, 733 (1993). Clark's misappropriation of funds and his involvement in Local 455's failure to pay rent were contemporaneous acts that facilitated his diversion of funds from Local 455 for his personal benefit by obfuscating the nature of his spending, making evidence of such involvement intrinsic to the charged offense. <u>See</u> <u>United States v. Green</u>, 617 F.3d 233, 249 (3d Cir. 2010) ("'[U]ncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.'") (quoting <u>United States v. Bowie</u>, 232 F.3d 923, 929 (D.C. Cir. 2000)).[6] Thus, the District Court did not err by admitting this evidence. Furthermore, given the limited nature of this evidence in light of the other evidence of Clark's guilt, the admission of this evidence did not affect the fairness, integrity, or public reputation of these proceedings.

Clark also argues that, even if the underlying circumstances of his expulsion from the union were relevant to the Government's case, the fact that the Regional Council ultimately chose to expel him was not. Again trial counsel did not object to this testimony, so this claim is subject to plain error review. The fact that Clark was expelled from the Union was mentioned when Ballantyne testified about the nature of the Union's hearing and told the jury that, at the conclusion of that hearing, the Council determined

claims would fail even if plain error review applied, we need not address the Government's waiver argument.

[6] Because this evidence is intrinsic, we need not determine whether it would also be admissible under Federal Rule of Evidence 404(b). <u>Green</u>, 617 F.3d at 245 (explaining that "courts today exempt intrinsic evidence from application of Rule 404(b)" because such evidence "is admissible as part and parcel of the charged offense"). Moreover, even if we held that this evidence was extrinsic, it would nonetheless be admissible under Rule 404(b) because it helps prove Clark's intent to divert funds from Local 455 for his personal benefit.

Clark should "be expelled from the Union as a member." App. 148. Although we agree with Clark's contention that informing the jury about the outcome of an earlier hearing subject to a lower burden of proof can create a danger of prejudice, Clark has failed to show that any arguable error in admitting such evidence was prejudicial. See United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (holding that in order to show an appellant's substantial rights were affected, the appellant must ordinarily demonstrate "a reasonable probability that the error affected the outcome of the trial"). Given the ample evidence — most of which was undisputed — that Clark violated 29 U.S.C. § 501(c) by willfully using the Union's funds for his personal benefit, there is little chance that a jury would improperly base its verdict on the fact that one witness mentioned that Clark was expelled from the Union.

Finally, Clark argues the District Court erred by allowing Ballantyne and two other lay witnesses to give opinion testimony. Because trial counsel did not object to any of this testimony on the grounds that it was improper opinion testimony, we again review for plain error. Clark alleges lay witnesses gave impermissible opinion testimony on three separate occasions, occurring when (1) three union officials testified regarding the meaning of the term "fiduciary" and whether the witnesses themselves had breached any such duty to the union through their lack of oversight; (2) Ballantyne testified that Clark ran afoul of the parameters of his position as a business manager by taking excessive lunch breaks at the Union's expense; and (3) Ballantyne testified that a certain strip club which Clark frequented was not an "appropriate place for a business meeting to take place." App. 103. A lay witness may testify as to "opinions or inferences which are (a)

9

rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Because all of the testimony Clark challenges satisfies Rule 701, the District Court did not err in admitting such testimony.

IV.

For the foregoing reasons, we will affirm the judgment of conviction.